# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TELMO PEREZ CALDERON,**<br><br>Petitioner,<br><br>v.<br><br>**CHARLES GREEN,**<br><br>Respondent. | Civil Action No. 18-440 (SDW)<br><br><br>**OPINION** |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Telmo Perez Calderon filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Following an order to answer, the Government filed a response to the petition. (ECF No. 3). Petitioner failed to file a reply. For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Telmo Perez Calderon, is a native and citizen of Ecuador who entered the United States illegally sometime prior to May 2016. (*See* Document 1 attached to ECF No. 3). According to Petitioner's habeas petition, this illegal entry occurred sometime in 1995. (ECF No. 1 at 5). Following two domestic violence convictions in 2016, Petitioner came to the attention of immigration officials, who issued him a notice to appear for removal proceedings in February 2017. (Document 1 attached to ECF No. 3). The Government thereafter served that notice upon Petitioner, who at the time was being held at a county jail, and took him into immigration custody on March 22, 2017. (*Id.*). Petitioner was thereafter held pursuant to 8 U.S.C. § 1226(a) under the Government's discretionary authority to detain aliens pending removal proceedings, and has

1

remained in detention since February 2017. (Document 2 attached to ECF No. 3 at 2). While so detained, however, Petitioner received a bond hearing from an immigration judge, and was denied release on bond on October 17, 2017. (Document 3 attached to ECF no. 3). Although Petitioner initially reserved his right to appeal that determination, it does not appear that he ever actually appealed the bond decision to the Board of Immigration Appeals. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner asserts that his continued detention pending the conclusion of removal proceedings violates Due Process. In order to evaluate that claim, the Court must first determine the statutory basis of Petitioner's detention. While Petitioner argued at length in his initial petition that he was being held pursuant to 8 U.S.C. § 1226(c), which governs the custody

of aliens convicted of certain classes of crimes, that statute does not apply to Petitioner as he is not subject to mandatory detention based on his criminal history, but instead because he entered the country illegally without admission or parole and has been placed in removal proceedings. (Document 1 attached to ECF No. 3). Because Petitioner is being held pending removal proceedings based on his illegal entry, and not because he is subject to mandatory detention under § 1226(c), he is subject to detention pursuant to the Government's discretionary detention authority under 8 U.S.C. § 1226(a). *See, e.g., Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009).

As this Court recently explained,

> Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant*, 352 F. App'x at 695; 8 C.F.R. § 236.1(c)(8). At such a hearing, the burden rests on the alien himself, who must show that he does not pose a danger and is likely to appear "to the satisfaction of the" immigration judge holding the hearing. 8 C.F.R. § 236.1(c)(8); *see also Matter of Fatahi*, 26 I&N Dec. 791, 793-95 & n. 3 (BIA 2016). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District Courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. January 5, 2016). Thus, where a § 1226(a) [detainee] was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the denial of bond to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond redetermination. *Id.*; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without Due Process, in which case this Court may have the authority to order a new bond hearing. *See, e.g, Garcia v.*

> *Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016).
>
> . . . This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted. S*ee, e.g., Garcia*, 2016 WL 1718102 at *3 (court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same). Indeed, in its recent decision in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), the Supreme Court explicitly rejected decisions of the Ninth Circuit providing that an alien, after his first bond hearing under § 1226(a), should receive new hearings every six months where the burden would shift to the Government to prove that Petitioner's detention remained necessary. 138 S. Ct. at 847-48. As the Court noted, "[n]othing in § 1226(a)'s text . . . even remotely supports the imposition of either of those requirements." *Id.* at 847. Thus, it is clear that, absent a showing that his bond hearing was conducted in the absence of Due Process or was otherwise unlawfully conducted, an alien held pursuant to § 1226(a) who has previously received a bona fide bond hearing is not entitled to habeas relief. *Id.* at 847-48.

*Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018).

As the records in this matter show, Petitioner received a bond hearing in October 2017 and was denied bond. To the extent Petitioner wishes for this Court to reconsider the decision of the immigration judge denying him bond, this Court is without jurisdiction to do so. 8 U.S.C. § 1226(e). To the extent Petitioner has argued that his detention has become "overlong" and that he is therefore entitled to another bond hearing merely based on the passage of time, that argument is foreclosed by *Jennings* as "[n]othing in § 1226(a)'s text . . . even remotely supports" such a proposition. 138 S. Ct. at 847. Petitioner thus could only be entitled to habeas relief if he could show that he was somehow denied Due Process during the bond hearing he received. *See Garcia*, 2016 WL 1718102 at *3. As Petitioner has not argued, let alone established, that he was in any

way denied Due Process at his bond hearing, however, he has failed to show any basis for habeas relief, and his habeas petition is denied without prejudice.

**III. CONCLUSION**

For the reasons expressed above, this Court will deny Petitioner's habeas petition (ECF No. 1) without prejudice. An appropriate order follows.


Dated: May 10, 2018                          *s/Susan D. Wigenton*
                                                         Hon. Susan D. Wigenton
                                                         United States District Judge